This is an action to recover damages for a personal injury which befell the plaintiff June 14, 1927, when the motorcycle, which he was driving upon North Front street in Portland, collided with a tractor, operated by the defendants, which was entering that street from a private way. North Front street, 80 feet in width, is the first street west of the Willamette river, and at the place where this accident occurred takes a course northwesterly and southeasterly. On one's right-hand side, as he proceeds along North Front street in a northwesterly direction at the scene *Page 661 
of this accident, is a building known as terminal No. 1 shed, pier A. The southwesterly wall of this building is built along the northeast property line of Front street and in this wall is an entrance drive-way 15 feet in width opening into the street. Seventeenth street, which is 38 feet in width between curb lines, enters Front street at approximately a 50-degree angle due west from this entrance drive-way, but does not extend beyond the west line of Front street. To facilitate an understanding of the foregoing, resort may be had to the following map:
[EDITORS' NOTE: MAP IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 662 
At the time and scene of the accident several automobiles were parked along the northeast side of Front street projecting into it 10 or 12 feet; one of these automobiles was immediately adjacent to the entrance drive-way and to that extent the view into it was blocked for a driver approaching from the southeast.
Upon the occasion with which this action is concerned, the plaintiff was driving his motorcycle northwesterly on Front street about six feet to the rear of these parked cars approaching the point where this private way enters Front street. At that time the appellant Williams, who was in the employ of the other appellant, Jones Son, was operating the latter's tractor out of the terminal shed through this entrance drive-way and into Front street, with the purpose of driving up the street southeasterly a distance of about 60 feet. Evidence, offered by the plaintiff, indicated that the speed of the motorcycle was 15 to 20 miles per hour, that the collision occurred when the tractor was turning to the left, and when the plaintiff was about four or six feet from an imaginary line indicating the southeasterly side of the entrance way extended into the street. This testimony indicates that the tractor did not stop as it emerged from behind the parked automobiles and that it proceeded to turn to the left without going to the right-hand side of the street; this testimony also showed that the plaintiff did not see the tractor until only four or six feet separated the two vehicles, and that as soon as he observed it he applied his brakes and endeavored to swing to his left. Before he could avoid the tractor, portions of the two machines came into contact with each other, causing the plaintiff to be thrown to the pavement. He explained that he could not see the tractor sooner because of the parked automobiles and added that it *Page 663 
emerged suddenly from behind these cars and estimated its speed as 10 to 15 miles per hour. His companion, who was seated behind him, testified concerning the tractor: "Just as it was making the turn it turned right up on the wrong side of the street," and said the collision occurred almost the moment when the tractor came into sight. Both of these witnesses stated that as they approached this point they were looking straight ahead. A third witness, who was apparently disinterested, gave testimony substantially to the same effect as the two occupants of the motorcycle. Evidence, offered by the defendant, indicated that the driver of the tractor could not see beyond the line of the parked cars until the front of his vehicle had gone four and one-half feet beyond them, that the tractor is capable of making sharp turns, that the plaintiff's speed was excessive, and that the tractor was in low gear proceeding at a speed of three miles per hour when the collision occurred. Williams testified that he stopped his vehicle as it approached the entrance way and again when it came to the line of the parked cars; further that he observed the motorcycle when it was 300 feet away, and that at that time, and at the time of the collision, the plaintiff was looking over his right shoulder. He added that when he noticed this condition he sounded the tractor's horn, then yelled, finally put the tractor in gear and made a half circle to the rear of the parked cars hoping thus to get his tractor out of the course of the approaching motorcycle.
The court instructed the jury upon the law of the right of way where one highway intersects another, telling the jury that the car to the left must yield the right of precedence to another car upon his right, which is simultaneously approaching the intersection, *Page 664 
and that this law was applicable to the scene of this accident. It also instructed the jury that the driver of a vehicle, entering a public highway from a private road, must yield the right of way to all vehicles upon the highway.
A verdict for the defendants was set aside upon a motion for a new trial; the defendants appealed.
AFFIRMED.
1927 Session Laws, chapter 217, section 2, subparagraph 7, subdivision c (p. 265), provides:
"The driver of a vehicle entering a public highway from a private road or drive shall yield the right of way to all vehicles approaching on such public highway, and shall come to a full stop before entering such public highway."
This provision of our state motor vehicle act satisfies us that the court's instruction, which practically told the jury that at the time of the collision the tractor was entitled to the right of way over the motorcycle, was erroneous and that the court was justified in so concluding upon the motion for a new trial.
The appellants contend, however, that the verdict was correct upon the merits and that hence the judgment of the circuit court upon the verdict should be sustained. We have carefully reviewed the evidence, a synopsis of the material portions of which precede this decision, and are of the opinion that it presented a question of fact for the jury to determine. If the tractor turned sharply into the flow of traffic from *Page 665 
behind a row of parked cars, and without warning proceeded along the wrong side of the street into the direct line of the approaching motorcycle, we believe that a jury would be warranted in finding the defendants guilty of negligence. If, upon the other hand, the plaintiff was looking toward his rear, and collided with the tractor when it was endeavoring to get out of his course after it had vainly sounded warning signals, it is equally obvious that a jury would be authorized to find the plaintiff guilty of negligence. Since neither set of facts is admitted by both parties, we will not usurp the functions of a jury by making a finding. It follows that the circuit court did not err in setting aside the verdict and directing a new trial.
AFFIRMED.
COSHOW, C.J., McBRIDE and RAND, JJ., concur.